UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:  Chapter 7 No. 16-41988
Karen Ann Gibson
              Debtor.  Hon. Thomas J. Tucker
_____/

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND ENTRY OF ORDER WAIVING THE PROVISION OF FRBP 4001(A)(3)**

NOW COMES CitiMortgage, Inc. as successor in interest by merger to ABN AMRO Mortgage Group, Inc., by and through its attorneys, Trott Law, P.C., and shows unto this Honorable Court as follows:

1. That Movant is a holder of a mortgage on property owned by the Debtor(s) and located at 19634 Hamburg, Detroit, MI 48205-1687 (see attached copy of loan document(s));

2. To Movant's knowledge and belief the subject property is not utilized as the debtor's principal residence;

3. That the Debtor(s) filed Chapter 7 Bankruptcy on February 16, 2016;

4. That pursuant to 11 U.S.C. § 362(d)(1), upon request of a party in interest, the court shall grant relief from stay for cause, including lack of adequate protection of such party in interest;

5. That pursuant to the mortgage agreement, the Debtor(s) are required to remit monthly payments to Movant currently in the amount of $642.94;

6. That Trott Law, P.C. has been informed by Movant that, the Debtor(s) has failed to remit the required payments;

7. That Movant is not adequately protected as the direct payments are not being remitted and the loan is currently five (5) months in default, due and owing for October 1, 2015. At the time of the default, the payment amount was $636.43. Payment amounts may have changed since that time;

8. That pursuant to the Statement of Intention, the subject property is to be surrendered;

TROTT LAW, P.C.
31440 NORTHWESTERN HWY
STE. 200
FARMINGTON HILLS, MI 48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

9. That pursuant to 11 U.S.C. § 362(d)(2)(A) and (B), the Court shall grant relief from the stay if the Debtors do not have any equity in the property and the property is not necessary to an effective reorganization;

10. That the approximate market value of the subject property is $29,000.00;

11. Trott Law, P.C. has been informed by Movant that the amount due and owing, is approximately $53,921.24;

12. That in addition to the amounts due to Movant reflected in this motion, as of the date hereof, Movant has incurred legal fees and costs in connection with seeking the relief requested in this Motion that shall become additional secured debt pursuant to the mortgage and note;

13. That no other party has an interest in the subject property to the knowledge and belief of Movant;

14. That no other creditor will receive any benefit from the sale of the subject property;

15. Movant requests termination of the automatic stay of 11 U.S.C. § 362(a) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and/or obtain possession of the property.

16. That in the event the automatic stay is terminated to allow Creditor to commence or continue its federal and/or state law rights as to the property, and Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period. A Chapter 7 Trustee may have the same rights and defenses as the Debtor(s) should Creditor seek to shorten the redemption period.

17. That pursuant to Local Bankruptcy Rule 9014-1(b)(1), attached is a copy of the proposed ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) labeled as Exhibit "1";

18. That in the event a hearing on this motion is held and after said hearing the Court orders submission of an order in substantial compliance with Exhibit 1, presentment of said order shall be waived;

TROTT LAW, P.C.
31440 NORTHWESTERN HWY
STE. 200
FARMINGTON HILLS, MI
48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

19. Concurrence from debtor's attorney and from Chapter 7 trustee was sought by movant's attorney's office on February 26, 2016 and concurrence was not able to be obtained from all parties.

WHEREFORE, Movant respectfully requests that the Court enter an ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3) for good cause shown pursuant to 11 U.S.C. §362(d)(1) and/or (d)(2), and that the Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3); and whatever other relief the Court deems just and equitable.

Respectfully Submitted,
Trott Law, P.C.

Dated: February 29, 2016

/S/ Crystal Price-Buckley (P69921)
/S/ Amy Kalasho (P73140)
/S/ Shawn C. Drummond (P58471)
Attorney for CitiMortgage, Inc. as successor in interest by merger to ABN AMRO Mortgage Group, Inc.
31440 Northwestern Hwy Ste. 200
Farmington Hills, MI 48334-5422
248.642.2515
Email: EasternECF@trottlaw.com

Trott #460765B01

TROTT LAW, P.C.
31440 NORTHWESTERN HWY
STE. 200
FARMINGTON HILLS, MI 48334-5422
PHONE 248.642.2515
FACSIMILE 248.642.3628

EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| In re:<br>Karen Ann Gibson<br>              Debtor.<br>_____/ | Chapter 7 No. 16-41988<br><br>Hon. Thomas J. Tucker |

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND WAIVING THE PROVISION OF FRBP 4001(a)(3)

CitiMortgage, Inc. as successor in interest by merger to ABN AMRO Mortgage Group, Inc., by and through its attorneys, Trott Law, P.C., having filed a Motion For Relief From The Automatic Stay with respect to the property located at 19634 Hamburg, Detroit, MI 48205-1687; and the Court being in receipt of the Motion, and the Court being fully advised in the premises:

IT IS HEREBY ORDERED that the Automatic Stay is hereby terminated as to Movant with respect to the property located at 19634 Hamburg, Detroit, MI 48205-1687 to allow Creditor to commence or continue its federal and/or state law rights to the property. Pursuant to the mortgage and note, legal fees and costs in connection with the filing of this Motion shall become additional secured debt  In the event Creditor deems the property is physically abandoned by the debtor(s)/homeowner(s), or by consent of the debtor(s)/homeowner(s), Creditor may also seek to shorten the Michigan post foreclosure statutory redemption period.  A Chapter 7 Trustee may have the same rights and defenses as Debtor(s) should Creditor seek to shorten the redemption period.  This Order is effective immediately upon entry by this Court notwithstanding the provision of FRBP 4001(a)(3). This Order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Bankruptcy Code.